COBB, J.
The sole issue on this appeal is whether the lower court erred in ruling that a contract, entered into between Starlite Diners, Inc. (seller) and Gregory Oswalt, d/b/a Starlite Diner (buyer) was ambiguous. Oswalt and Starlite ¿executed a contract whereby Starlite agreed to act as “contractor” and furnish labor and materials to construct and deliver a modular diner unit on Oswalt’s site. Article Five of the contract, entitled “Taxes,” provided:
It is specifically agreed and understood between the parties that the contract price herein specified does not include any national, federal, state or local taxes, licenses, permits, tariffs or import fees, and are the responsibility of the owner [Oswalt].
At the time of the sale, Starlite was unsure whether the modular unit would be treated as the sale of tangible personal property (taxable by Department of Revenue) or as the sale of an improvement to real property (not subject to DOR). As a result, the sales tax was not collected by Starlite. After an audit by the Department of Revenue, which apparently was random, sales tax was assessed against Starlite for the sale of the diner unit to Oswalt (and others). Subsequently, Star-lite entered into a stipulation agreement with DOR for monthly payments of the tax liability. DOR agreed to waive any interest and penalties. Starlite was also given a reasonable time to attempt to collect the sales tax from buyers.
Starlite then filed a complaint against Oswalt claiming breach of contract citing to Article Five of the contract and alleging that Oswalt had agreed to pay any state taxes but failed to do so. Oswalt asserted an affirmative defense claiming that Star-lite orally represented to him that there was no sales tax to be paid on the sale of his prefabricated building and that Starlite *314 would pay any sales taxes if found to be due.
The trial judge at non-jury trial found the contract to be ambiguous because of two handwritten words — “sales tax” — under a section of the printed contract entitled “Other Provisions.” The complete handwritten portion following the typed words “Other Provisions” was as follows: “Change orders/siding/vestibule/sales tax/ to be priced after plans approved by Walton County and Hwy 98 Committee.” Based upon this finding of ambiguity, the trial judge accepted the testimony of the buyer and rejected that of the seller in regard to the intent of the parties as to payment of the sales tax. It should be noted that all oral discussions between the parties as to the terms of their agreement preceded execution of the written agreement. It was conceded by the buyer that he did not delete or modify Article Five of the contract or refer to it in writing in any way.
We disagree with the trial judge. The language in the “Other Provisions” section of the contract is clear and its presence in the contract creates no conflict with Article Five. Article Five of the contract clearly and unequivocally provides for payment of the sales tax by the buyer. Moreover, the trial court’s interpretation of the contract rendered it illegal under the provisions of section 212.07(4), Florida Statutes (2001), which provides:
A dealer engaged in any business taxable under this chapter may not advertise or hold out to the public, in any manner, directly or indirectly, that he or she will absorb all or any part of the tax, or that he or she will relieve the purchaser of the payment of all or any part of the tax, or that the tax will not be added to the selling price of the property or services sold or released or, when added, that it or any part thereof will be refunded either directly or indirectly by any method whatsoever. A person who violates this provision with respect to advertising or refund is guilty of a misdemeanor of the second degree, punishable as provided in section 775.082 or section 775.083. A second or subsequent offense constitutes a misdemeanor of the first degree, punishable as provided in section 775.082 or section 775.083.
Accordingly, we reverse and remand for entry of judgment for the plaintiff below, Starlite Diners, Inc.
REVERSED AND REMANDED.
GRIFFIN, J., and STRICKLAND, S.W., Associate Judge, concur.